UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

EMILIO GARCIA AYALA,

Petitioner,

v.

WARDEN, ET AL.,

Respondents.

Case No.  26-cv-03907

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Dkt. No. 1

Petitioner Emilio Garcia Ayala filed a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2241, requesting immediate release or a bond hearing.  (Dkt. No. 1 ("Petition").)  As averred in the Petition, and as Respondents do not dispute, Petitioner, a citizen of Mexico, first entered the United States in 1997 and has been continually present since 2004.  (*Id.* ¶¶ 22–23.)  In 2010, the Department of Homeland Security detained Petitioner, placed him in removal proceedings, and released him on a $5,000 bond.  (*Id.* ¶ 24.)  That release necessarily reflected a determination that Petitioner posed neither a flight risk nor a danger to the community.  *See Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025).  He has complied with the conditions of his release.  (Petition ¶ 2.)  Petitioner has a valid employment authorization document and previously applied for non-LPR cancellation of removal, after which his removal proceedings were administratively closed.  (*Id.* ¶¶ 5, 26.)  His only criminal history is a 2010 misdemeanor conviction for driving under the influence, for which he paid a fine and received a suspended probation sentence.  (*Id.* ¶ 7.)  After a checkpoint stop on May 17, 2026, Immigration and Customs Enforcement detained Petitioner.  (*Id.* ¶ 29.)  He remains in immigration detention. (*Id.* ¶ 31.)  Petitioner is detained under 28 U.S.C. § 1225(b)(2), presumably in reliance on *Matter*

1

*of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).  (*Id.* ¶ 70; Dkt. No. 4 at 2.)  He asserts that he cannot be detained under Section 1225(b)(2) and that his detention violates his Fifth Amendment right to procedural due process.[1]  For the reasons stated below, the Petition is **GRANTED**.

Petitioner's procedural due process challenge is governed by the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976).  *See Faizi v. LaRose*, No. 25-cv-02974-JO, 2026 WL 1112035, at *4 (S.D. Cal. Apr. 24, 2026).  In responding to the Petition, Respondents argue only that "Petitioner is subject to mandatory detention under [8 U.S.C.] § 1225(b)(2)."  (Dkt. No. 4 at 2.)  Section 1225(b)(2) authorizes mandatory detention "in the case of a[] [noncitizen] who is an applicant for admission, if the examining immigration officer determines that a[] [noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted."  *See* 8 U.S.C. § 1225(b)(2)(A).  This provision does not apply to Petitioner because, at the time of his detention, "he was not at the border or a Port of Entry seeking admission to the United States" and had been living in the country for over twenty years.  *Martinez Zayas v. Gordon*, No. 26-cv-00237-BAS, 2026 WL 266275, at *3 (S.D. Cal. Jan. 30, 2026); *see also Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 936–37 (N.D. Cal. 2025).[2]  Thus, the *Mathews* factors weigh in favor of finding that Petitioner's re-detention violated his Fifth Amendment right to procedural due process.  *See, e.g.*, *Lozano Castano v. LaRose*, No. 26-cv-01747-RBM, 2026 WL 1194854, at *2–3 (S.D. Cal. May 1, 2026).  Respondents acknowledge that previous decisions from other judges of this Court have granted petitions for a writ of habeas corpus on similar facts, "and on that basis the government does not oppose the petition and defers to the Court on the appropriate

---

[1] Petitioner also asserts that his detention violates substantive due process.  Since his other claims are meritorious, his substantive due process claim is not reached.

[2] There is a circuit split on the meaning of "seeking admission" under Section 1225(b)(2), which the Ninth Circuit has not yet addressed, and the undersigned is of the view that "seeking admission" does not refer to individuals like Petitioner who, at the time of their detention, were not arriving and seeking entry to the country and had been living here for years.  *See Ibanez Daza v. Albarran*, No. 25-cv-10214-RFL, 2026 WL 1906353, at *2 (N.D. Cal. July 2, 2026).

2

relief." (*See* Dkt. No. 4 at 3.)

"When a district court grants a writ of habeas corpus it may dispose of the matter as law and justice require. To ensure that Petitioner's release pursuant to the Court's . . . order is not rendered meaningless, it is necessary to enjoin the government from simply re-detaining Petitioner in the same manner. As a result, the relief ordered below falls within the core of habeas." *Alva Alva v. Kaiser*, No. 25-cv-06676-RFL, 2026 WL 1910135, at *2 (N.D. Cal. July 2, 2026) (citations and quotation marks omitted). The Court, therefore, **ORDERS** as follows:

- Respondents shall immediately release Petitioner, no later than **24 hours** after the filing of this Order. Respondents shall also return all property that had been seized from him. The release shall be on the same terms and conditions as Petitioner's initial release in 2010.

- Respondents shall not re-detain Petitioner: (1) without notice and a pre-deprivation hearing before a neutral decisionmaker in which an individualized determination is made that he poses a flight risk or danger to public safety such that he must be detained; or (2) in the absence of a material change in circumstances justifying his detention.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

Dated: July 15, 2026

RITA F. LIN
United States District Judge

3